UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAY 15 2008

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LEON G. LARVIE, | * | CIV. 08-4001 |
| Plaintiff, | * | |
| -vs- | * | REPORT and RECOMMENDATION |
| DOUGLAS L. WEBER, Warden, South Dakota State Penitentiary; ALVIN MADSEN, former A Unit Manager; MS. R. WEAVER, A Unit Case Manager; MR. DITTMANSON, Hill S.H.U. Manager; | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. His brings this civil rights lawsuit against the Warden (Douglas Weber) the current and former Unit Managers (R. Weaver and Alvin Madsen, respectively), and the SHU Manager (Mr. Dittmanson). Plaintiff does not expressly state his claim is brought pursuant to 42 U.S.C. § 1983, but it is filed on the forms which are regularly used by inmates to file such claims and which are provided to prisoners by the SDSP for that express purpose.

The Court has, as it must, "screened" this case pursuant to 28 U.S.C. § 1915A, and has determined it must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

In the "statement of claim" portion of his Complaint, Plaintiff asserts that he has a "neck fractures" at cervical C-5 and C-6. In support of his claim he attached to his Complaint copies of his medical records from 1980. He was admitted to the hospital on May 20, 1980 two months after he was involved in an auto accident. He complained of neck pain and loss of function in the upper right extremity. X-ray evaluation suggested a pedicle fracture, but he showed no sign of a spinal cord injury. Plaintiff underwent an anterior cervical fusion at the C5-6 level. Plaintiff was released from the hospital on May 24, 1980. His physician advised him to wear a cervical collar for a month,

and to avoid strenuous activity such as athletics and horseback riding for three months.

Plaintiff asserts he has been "trying to avoid becoming rendered a quadriplegic while in prison." He claims the Defendants classified him as a maximum security inmate and placed him in the general population with "no regard to [his] serious medical condition." He sent the warden, the case manager and the unit manager copies of his medical records over two years ago. In December 2002 Plaintiff submitted a grievance which inquired "who would be responsible if [his] neck fractures were re-injured." He also alleges "[s]ince 2003 [he] has been avoiding going to the general population." He claims that since 2002, he has "had to defend [himself] from attacks by other inmates at least 4 times."

Despite Plaintiff's efforts to avoid it he was transferred to the general population in 2007. He refused his housing assignment because of his medical condition and was sent to the SHU (special housing unit). Plaintiff asserts his assignment to general population constitutes "reckless disregard" for his medical condition. Plaintiff explains he is "trying to avoid being paralyzed but prison officials are ignoring the seriousness of my medical condition and if I comply with their policy and go to the general population they cannot give me a guarantee to my safety." Plaintiff also wishes to file his lawsuit as a class action "so that others in the future will not have to go through similar problems that I've had to in trying to keep my prior fractures from being re-injured."

In the "relief" section of Plaintiff's Complaint, Plaintiff requests a temporary restraining order and/or a declaratory judgment to prevent the Defendants from placing him in the general population "where [his] neck fractures would be at risk of harm or damage until this matter can be resolved in court." He also wishes to sue prison officials in their individual and official capacities for violating his rights under the Eighth Amendment prohibition against deliberate indifference. He seeks compensatory damages as well as injunctive relief.

## DISCUSSION

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg*

by *Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted). A plaintiff "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965. *See also, Abdullah v. Minnesota*, 2008 WL 283693 (Feb. 4, 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Plaintiff's Complaint is carefully considered.

### 1. Plaintiff Fails to State a Claim Upon Which Relief May Be Granted

Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States. *Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004). Section 1983 requires a claimant to identify the particular right that has been violated. *Id.* If the claimant fails to allege a violation of a right secured under the Constitution or laws of the United States, he has not stated a claim upon which relief may be granted under Section 1983. *Isakson v. First National Bank in Sioux Falls*, 990 F.2d 1098 (8th Cir. 1993).

Liberally construed, the Plaintiff's Complaint attempts to allege Eighth Amendment claims for failure to protect and for inadequate medical care. Because of these perceived failings, Plaintiff seeks injunctive relief in the form of a TRO or a declaratory judgment restraining prison officials from placing plaintiff in the general population.

### A.      Deliberate Indifference to Medical Needs

Plaintiff's Complaint alleges a violation of the Eighth Amendment prohibition against deliberate indifference to his medical needs. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a § 1983 cause of action, in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a cause of action, the prisoner must sufficiently allege "deliberate indifference" to a prisoner's "serious illness or injury." *Id.*, 429 U.S. at 105, 97 S.Ct. at 291. "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.*

With regard to the "deliberate indifference" requirement, the courts have made clear that mere negligence or medical malpractice is not enough. *Id.*, 497 U.S. at 107, 97 S.Ct. at 293. Likewise, a mere disagreement with a physician's treatment decisions does not rise to the level of an Eighth Amendment violation. *Id.*, 429 U.S. at 105-06, 97 S.Ct. at 291-92; *Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir. 1981). To prevail on a claim of deliberate indifference, a plaintiff must prove: (1) he suffered objectively serious medical needs and; (2) the prison officials actually knew but deliberately disregarded those needs. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). To show deliberate indifference, the plaintiff must show prison officials "knew of, yet disregarded, an *excessive* risk to [his] health." *Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997)(emphasis added, citations omitted).

Even *deliberate* indifference to some medical needs, however, does not result in a violation of the Eighth Amendment right to be free from cruel and unusual punishment. "Because society

4

does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). A "serious" medical need has been described as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention" (*Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)) and as "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 37 F.3d 63, 66, 67 (2nd Cir. 1994), Also, "only those deprivations denying the minimal civilized measures of life's 'necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Sieter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (citations omitted).

Plaintiff's Complaint fails to adequately state a claim for deliberate indifference to a serious medical need. The medical records Plaintiff attached to his Complaint show he underwent a surgical procedure on his cervical spine twenty-eight years ago, after which his doctor advised him to avoid strenuous activity for three months. Plaintiff has not alleged he continues to receive medical care for this injury, or that the SDSP has provided inadequate care for the 1980 cervical injury. His sole claim is that because he underwent the cervical fusion in 1980, placement in the general population at the SDSP is too dangerous for him. Without more, Plaintiff's claim is wholly inadequate to sufficiently allege Defendants were aware of, yet disregarded an excessive risk to Plaintiff's health. *Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997). As such, he fails to state a claim for deliberate indifference to his serious medical needs.

### B.     Failure to Protect

Liberally Construed, Plaintiff's Complaint also alleges Defendants have violated the Eighth Amendment by failing to protect him. Specifically, Plaintiff alleges that by forcing him to live in the general population, Defendants subject him to the risk of re-injuring his "neck fractures."

It is well settled that the Eighth Amendment imposes a duty upon prison officials to "protect prisoners from violence at the hands of other prisoners." *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir.

5

1996) *citing Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 128 L.Ed.2d 811 (1994). Not every injury suffered by one prisoner at the hands of another translates into constitutional liability, however, for prison officials. *Prater, Id.* at 541. The duty to protect requires only that "prison officials take reasonable measures to abate the substantial risk of serious harm of which the officials are aware." *Id.* In other words, to prevail on a failure to protect claim the inmates must show: (1) an objectively serious deprivation and (2) a subjectively culpable state of mind. *Id.*

Plaintiff fails to sufficiently allege either factor. First, as explained above, Plaintiff has failed to state a claim for a serious medical need. The allegation that Plaintiff sustained a pedicle fracture and underwent a cervical fusion in 1980 without more, does not lead to the conclusion that his placement in the general population of the SDSP twenty-eight years later constitutes a serious deprivation of his constitutional rights.

The subjective component requires the prison officials acted or failed to act with deliberate indifference. *Farmer* clarified that a prison official cannot be held responsible under this standard unless he knows of and disregards an excessive risk to inmate health and safety. In other words, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Prater v. Dahm*, 89 F.3d at 541. In support of his allegations, Plaintiff asserts that "since [2002] I've had to defend myself from attacks by other inmates at least 4 times." Plaintiff does not assert, however, that he has been targeted for violence or that the prison officials had any forewarning of these four attacks which have occurred over the course of six years. A single incident or series of isolated incidents is insufficient to show that a prison official was aware of but disregarded a substantial risk of serious harm. *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007). Likewise, prison officials cannot be found deliberately indifferent for "surprise attacks" by fellow inmates. *Curry v. Crist*, 226 F.3d 974, 978-79 (8th Cir. 2000). *See also, Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1984) (prisoner must prove more than a mere possibility that violence will occur in order to prevail on Eighth Amendment claim). For these reasons, Plaintiff also fails to state an Eighth Amendment failure to protect claim.

2.     **Request for Injunctive Relief and Class Certification**

Because Plaintiff has failed to state any sustainable cause of action under 42 U.S.C. § 1983, it is unnecessary to address is request for injunctive relief or his request for class certification.

3.     **Plaintiff's Filing Fees**

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. *Anderson v. Sundquist*, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

*Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995) *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Plaintiff remains responsible for the balance of the $350.00 filing fee.

Plaintiff is advised that the dismissal of this lawsuit will be considered his first "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

7

imminent danger of serious physical injury.

## CONCLUSION and ORDER

Liberally construed, Plaintiff attempts to allege a violation of the Eighth Amendment of the United States Constitution for deliberate indifference to a serious medical need and for failure to protect. Plaintiff's Complaint does not assert facts to sustain either theory of liability. Plaintiff has failed, therefore, to sufficiently allege he has been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States.

(1) It is therefore respectfully RECOMMENDED to the District Court that Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and that he remain responsible for the balance of the $350.00 filing fee.

(2) It is further ORDERED that Plaintiff's Motion to Amend (Doc. 9) is DENIED is DENIED as moot.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 14 day of May, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
By: *[signature]*
(SEAL)

8